The UNITED STATES

v.

Patrick J. CLIFFORD et al.

No. 75–CR–654.

United States District Court,
E. D. New York.

March 3, 1976.

David G. Trager, U. S. Atty., E. D. N. Y., Thomas R. Pattison, Edward R. Kor-man, Robert F. Katzberg, Asst. U. S. Attys., Brooklyn, N. Y., for the U. S.

Orans, Elsen & Polstein, New York City, for defendant Patrick Clifford; Gary P. Naftalis, Gary H. Greenberg, New York City, of counsel.

Joseph W. Ryan, Jr., Mineola, N. Y., for defendant Frank Powell.

Irving A. Cohn, Mineola, N. Y., for defendant David J. Dowd.

Lord, Day & Lord, New York City, for defendant Security National Bank; Eugene F. Bannigan, John W. Castles, III, New York City, of counsel.

## MEMORANDUM AND ORDER

COSTANTINO, District Judge.

The 22 count indictment in this case arises out of an alleged conspiracy to cause the Security National Bank to make illegal campaign contributions from 1966–1974. 18 U.S.C. §§ 610, 659, 1001.

Defendants have made various procedural motions. Since this court finds those motions to be without merit, they are denied.

Defendants have also moved for dismissal of various counts of the indictment on numerous grounds. Among the issues raised are (1) the constitutionality of § 610, (2) the applicability of § 610 to state elections, (3) the applicability of § 610 to judicial elections, (4) the applicability of § 610 to post-election contributions, and (5) the applicability of § 1001 to oral unsworn statements made to a bank examiner.

### 1. The Constitutionality of 18 U.S.C. § 610

Defendants argue that § 610 is an unconstitutional burden on freedom of speech in light of the recent Supreme Court opinion, *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (# 75–436, Jan. 30, 1976). In that decision, the Supreme Court held that the expenditure provisions of portions of the Federal Election Campaign Act violated the First Amendment.

*Buckley v. Valeo* is distinguishable from the case at bar, however. The prohibitions of § 610 insofar as they apply to this case are specifically directed to national banks. Since Congress has chartered national banks it seems clear that Congress may exercise plenary regulatory powers over such institutions. It is concluded that § 610 insofar as it relates to contributions is a valid exercise of this power and does not infringe defendants' First Amendment rights.

Since the government has indicated at oral argument that its proof will be directed solely to the issue of contributions, this court need not decide whether the § 610 prohibition on expenditures by national banks is unconstitutional in light of *Buckley v. Valeo.*

Defendants have also argued that § 610 is unconstitutionally vague. The standard for determining whether a penal statute is unconstitutionally vague was enunciated in *Connally v. Gen'l Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1925):

> That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. [citations omitted]

Having examined the statute in light of these standards, this court concludes that § 610 is not unconstitutionally vague.

This court has given careful consideration to defendant Dowd's argument that the question of constitutionality should be certified to the U. S. Court of Appeals for the 2d Circuit pursuant to 2 U.S.C. § 437h.[1] A review of the language of that section and its legislative history has convinced this court, however, that the provisions of the section are not applicable to the case at bar. The Joint Explanatory Statement of the Committee on Conference, for this section states:

*Conference substitute*

> The conference substitute generally follows the House amendment and makes it clear that these special judicial review provisions are available only for actions directed at determining the constitutionality of provisions of the Act and of provisions of title 18, United States Code, related to the activities regulated by the Act.

1974 U.S.Code Cong. & Admin.News, p. 5664

The case at bar was not directed at determining the constitutionality of the Act. Rather this is a criminal action; the constitutional attack was raised by way of motion. There is no need for the expedited review provision of § 437h in a criminal action, since review may be had on appeal. Declaratory judgments regulate prospective actions; this criminal case deals with actions already taken. Accordingly, there is no reason for certifying the question to the Court of Appeals.

### 2. The Applicability of § 610 to state elections

Defendants contend that § 610 should apply only to contributions made

---

1. 2 U.S.C. § 437h provides as follows:

(a) The Commission, the national committee of any political party, or any individual eligible to vote in any election for the office of President of the United States may institute such actions in the appropriate district court of the United States, including actions for declaratory judgment, as may be appropriate to construe the constitutionality of any provision of this Act or of section 608, 610, 611, 613, 614, 615, 616, or 617 of Title 18. The district court immediately shall certify all questions of constitutionality of this Act or of section 608, 610, 611, 613, 614, 615, 616, or 617 of Title 18 to the United States court of appeals for the circuit involved, which shall hear the matter sitting en banc.

in connection with federal elections and not to state elections. They cite *Ash v. Cort*, 3 Cir., 496 F.2d 416, *rev'd on other grounds*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) for the proposition that the definitions contained in 18 U.S.C. § 591 limit the scope of § 610. *Ash v. Cort* was a civil case dealing with corporate contributions. The prohibitions against national banks in § 610 is different from the prohibition against other corporations in the same section, and the definitions in § 591 only apply "except as otherwise specifically provided." The language of § 610 applicable to the case at bar clearly provides otherwise: "It is unlawful for any national bank . . . to make a contribution or expenditure in connection with *any* election to *any* political office . . ." (emphasis added). This language is even more significant in light of the more limited language used in the part of the section dealing with corporations in general:

> . . . or for any corporation whatever, or any labor organization to make a contribution or expenditure in connection with any election at which Presidential and Vice Presidential electors or a Senator or Representative in, or a Delegate or Resident Commissioner to Congress are to be voted for, or in connection with any primary election or political convention or caucus held to select candidates for any of the foregoing offices . . . .

The conclusion that the part of the section relating to national banks was meant to apply to *all* elections—state as well as federal—is further reinforced by reference to the legislative history. *See* S.Rep. No. 3056, 59 Cong. 1st Sess. p. 2:

> The effect of this provision is to make it unlawful for any corporation, [organized by authority of any laws of Congress], no matter what its character may be, to make a contribution "in connection with any election to any political office" without regard to whether the election be national, State, county, township, or municipal. The congress has the undoubted right

thus to restrict and regulate corporations of its own creation.

### 3. The Applicability of § 610 to judicial elections

In arguing that § 610 should not be applied to contributions to judicial elections, defendants rely on two arguments: (1) the alleged failure in the past to prosecute for contributions to judicial elections and (2) a perceived distinction between judicial and political elections. These arguments are without merit.

Assuming *arguendo* that no prosecution has ever been instituted for contributions to judicial office, this court must nevertheless interpret § 610 in light of its language and purpose. Defendants' argument apparently proceeds as follows: (1) no prosecutions have ever been instituted for judicial contributions, (2) there must have been occasions when the various United States Attorneys' offices were aware of bank contributions to judicial campaigns, (3) therefore, by failing to prosecute, the government indicated its belief that judicial campaigns were insulated from the section's prohibitions.

Only two things need be said about this argument. First, this court is not prepared to speculate as to the reasons for the absence of similar prosecutions. Second, even if this court were able to discern the interpretation of this section by various United States Attorneys in the past, that interpretation would not be binding under the circumstances present here.

Defendants rely on *Rosenthal v. Harwood*, 35 N.Y.2d 469, 363 N.Y.S.2d 937, 323 N.E.2d 179 (1974) for the proposition that a distinction exists between political and judicial campaigns. To the extent that such a distinction is present in *Rosenthal*, however, it is based on the need to insulate judicial elections, more than any other election, from corruption or the appearance of corruption. The Court specifically held that "public policy . . . mandates that insofar as practicable both selection for and perform-

ance in judicial office shall be free from political manipulation." 363 N.Y.S.2d at 943, 323 N.E.2d at 183. It seems clear that this rationale requires, rather than precludes, application of § 610 to judicial elections.

In *Buckley v. Valeo, supra,* 424 U.S. at p. 26, 96 S.Ct. at p. 638, 46 L.Ed.2d at p. 692, the Supreme Court recognized that the primary purpose of the Federal Election Campaign Act was "to limit the actuality and appearance of corruption . . . ." These public policy considerations clearly mandate that the words of the section—"any election to any political office"—be given their plain meaning. Accordingly, it is concluded that § 610 does apply to contributions made to judicial campaigns.

### 4. Applicability of § 610 to post election contributions

Defendant Clifford argues that Count 15 of the indictment must be dismissed because it alleges a contribution made after the election. Defendant contends that to establish a violation of § 610 some sort of "active electioneering" must be proved, *see, e. g., U. S. v. Boyle,* 157 U.S.App.D.C. 166, 482 F.2d 755 (1973), *cert. denied,* 414 U.S. 1076, 94 S.Ct. 593, 38 L.Ed.2d 483 (1973). The government has argued that the exclusion of post-election contributions from the language of § 610 would "create a loophole so wide that it would consume the entire statute."

 There appears to be merit to both propositions; the wording of the statute, at the time of the contribution was ambiguous.[2] This court must resolve the ambiguity in favor of lenity. *Rewis v. U. S.,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493, 496 (1971); *Bell v. U. S.,* 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910 (1955). It is therefore concluded that to prove a violation of § 610, under the circumstances of this case, an intent to influence the election must be proved. *Cf. Miller v.*

*American Tel. & Tel. Co.,* 507 F.2d 759 (3d Cir. 1974); *U. S. v. Lewis Food Co.,* 366 F.2d 710 (9th Cir. 1966).

This court, however, cannot conclude as a matter of law that the post-election contribution alleged in Count 15 was not made for the purpose of influencing the election. Resolution of that issue is within the province of a jury after hearing all the facts and circumstances surrounding the contribution. Accordingly, the motion to dismiss Count 15 is denied at this time.

### 5. The Applicability of 18 U.S.C. § 1001 to oral unsworn statements made to a Bank Examiner

 Counts 21 and 22 of the indictment charge defendant Clifford with making false statements in a matter within the jurisdiction of the Office of the Comptroller of the Currency in violation of 18 U.S.C. § 1001. Clifford argues that § 1001 does not apply to oral unsworn statements when the defendant has not initiated the investigation, citing *U. S. v. Bedore,* 455 F.2d 1109 (9th Cir. 1972).

The United States Court of Appeals for the Second Circuit, however, has construed § 1001 in very broad terms. *See U. S. v. McCue,* 301 F.2d 452 (2d Cir. 1962); *U. S. v. Adler,* 380 F.2d 917 (2d Cir. 1967). In *McCue* a conviction under § 1001 was upheld despite the fact that the investigation was not initiated by the defendant. In *Adler* the court noted that the word "statement" as it appears in the statute has been interpreted to include oral statements not under oath. 380 F.2d at 922.

The "exculpatory—no" cases are not applicable to the facts of this case. Accordingly the motion to dismiss Counts 21 and 22 is denied.

### 6. Powell's Motion to Dismiss

 Defendant Powell moves to dismiss Counts 3, 5, 9, 17 and 19 on the

---

2. It is probable, although this court need not decide the issue, that by amending the last paragraph of § 610 in 1972, Congress has closed any loophole that existed.

ground that, as a matter of law, he was not an active member of the conspiracy at the time the contributions charged in those counts were made. This motion is denied without prejudice. *See Pinkerton v. U. S.*, 328 U.S. 640, 646, 66 S.Ct. 1180, 1183, 90 L.Ed. 1489, 1496 (1945). *Hyde v. U. S.*, 225 U.S. 347, 369, 32 S.Ct. 793, 803, 56 L.Ed. 1114, 1127 (1912).

### 7. *Clifford's Motion to dismiss because of undue delay in prosecution*

This court cannot decide at this time whether or not there was prejudicial delay, for, as the brief on behalf of Mr. Clifford states, there "*may* well be substantial" prejudice. (emphasis added) Rather than speculate as to whether there may or may not be prejudice during trial this court denies the motion without prejudice.

Accordingly, defendants' motions to dismiss are denied. Defendants' motions to strike "surplusage" and to sever various counts of the indictment are also denied.

So ordered.