■ In the Matter of FRANKLIND SAHLER et al., Appellants-Respondents, v EDWIN CALLAHAN et al., Constituting the Board of Elections of Ulster County, et al., Respondents-Appellants. — Cross appeals from a judgment of the Supreme court at Trial Term (Bradley, J.), entered February 14, 1983 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to section 16-102 of the Election Law, for an order invalidating a certificate of party nomination filed by the Democratic Party of the Village of Ellenville and directing the reconvening of said party's caucus. At a party caucus on January 21, 1983, the Democratic Party of the Village of Ellenville nominated Ed Jacobs for the office of Mayor and Sol Dole and Selma Cramer as trustees. On January 25, 1983, a certificate of party nomination covering all three candidates was filed with the village clerk pursuant to section 15-108 (subd 7, par a) of the Election Law. Since a list of the enrolled members of the Democratic Party who participated in the caucus was not filed until January 31, 1983, four days subsequent to the last date for filing certificates, petitioners commenced

this proceeding (Election Law, § 16-102) to invalidate the certificate and to demand that a new caucus be held for Democratic Party nominations. Respondents, in their answers by way of an affirmative defense, assert that since "necessary parties * * * were not served as directed in the order to show cause", the court lacked jurisdiction to entertain the petition. By decision dated February 14, 1983, Trial Term, without ruling on the jurisdictional issue raised by respondents' answers, dismissed the petition on the merits. This appeal by petitioners ensued. The trial court should have dismissed the proceeding on the ground that jurisdiction over all necessary parties was not obtained by the methodology employed in serving the order to show cause. The order directed that all respondents, other than the Ulster County Board of Elections, be personally served by February 4, 1983. Respondents Barthel and Resnick, two members of the committee on vacancies, and Selma Cramer, one of the trustee nominees, were served by mail on February 4, 1983. Leaving blank the date for service by mail of a show cause order, as was done herein, "ha[s] the effect of striking the provision for substituted service" (*Matter of O'Daniel v Hayduk,* 59 AD2d 706, 707, affd 42 NY2d 1062). When a petitioner utilizes a method of service not specifically authorized by the order to show cause, the proceeding must be dismissed as to those parties not properly served (*Matter of O'Daniel v Hayduk, supra; Matter of Bruno v Ackerson,* 39 NY2d 718, affg on opn below 51 AD2d 1051; *Matter of Murphy v Acito,* 65 AD2d 662, mot for to lv to app den and app dsmd 45 NY2d 897), and the entire proceeding must be dismissed where, as here, at least one of the respondents improperly served is a "necessary party" to the proceeding. CPLR 1001 (subd [a]) defines necessary parties as those "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action". An examination of the petition, the order to show cause and the objections to the nominating certificate together with the requested relief of certificate invalidation and the ordering of a new caucus clearly denominates Selma Cramer, a trustee nominee, as a person who might be "inequitably affected" since invalidation would disqualify her as a candidate for public office at the March 15, 1983 election. Similarly, if a new caucus were held Selma Cramer would run the risk of not being nominated. Accordingly, we conclude that Selma Cramer is a necessary party who was improperly served with the order to show cause thereby depriving the trial court of the requisite jurisdictional predicate to entertain the proceeding. Next, even if service by mail should be countenanced, despite the lack of such provision in the order to show cause, jurisdiction would not have been obtained over Selma Cramer as well as the other respondents so served since mailing of process on the last day allowed by law to institute a proceeding under subdivision 2 of section 16-102 of the Election Law, as was done herein, is untimely and inadequate (*Matter of Buhlmann v LeFever,* 83 AD2d 895, 896, affd 54 NY2d 775; *Matter of Floyd v Coveney,* 83 AD2d 897; *Matter of Radda v Acito,* 54 AD2d 531). Moreover, if we were to reach the merits of this appeal we would agree with Trial Term's holding that while section 15-108 (subd 2, par e) of the Election Law contemplates the filing of the list of enrolled party members participating in the caucus simultaneously with the certificate of nomination, the failure to do so does not constitute a "fatal defect" within the meaning of subdivision 2 of section 1-106 of the Election Law. While the failure to timely file the certificate of nomination would be a "fatal defect" within the meaning of subdivision 2 of section 1-106 (see *Matter of Carr v New York State Bd. of Elections,* 40 NY2d 556), the failure to file the list together with the certificate should not invalidate the nominating process since it is clear that the purpose of the list is to provide information

useful to those circulating independent nominating petitions and not to serve as a source to object to the outcome of a caucus or primary (see Election Law, § 15-108, subds 8, 9; Governor's Memorandum to L 1977, ch 462, 1977 McKinney's Session Laws, p 2504). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.