OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 
 *605
 
 That the Appellate Division correctly held the rules and regulations of the Conservative Party invalid because inconsistent with section 6-120 of the Election Law is evident from an examination of the provisions of that section. Subdivision 1, which deals with the validity of a primary designating petition for party nomination, states affirmatively that the petition “shall be valid only if the person so designated is an enrolled member of the party”. Subdivision 2, which deals with party designation or nomination by other than petition, states negatively that no such “designation or nomination shall be valid unless the person so designated or nominated shall be an enrolled member of the * * * party”. Each is, however, expressly limited; subdivision 1, by the phrase “except as otherwise herein provided” and subdivision 2, by the phrase “[e]xcept as provided in subdivisions three and four of this section”.
 

 Subdivision 3 validates the designation or nomination of a person not an enrolled member of the party when the appropriate party committee so authorizes. Subdivision 4 by making the entire section inapplicable to designations or nominations of a new political party for the first time, or by party caucus, or for judicial office, validates the designation or nomination of a person not enrolled as a party member for such offices or in such manner without party committee authorization. It follows that the Conservative Party rule which would require party authorization for a judicial nomination is more restrictive than the statute and, therefore, invalid (see
 
 Matter of Rosenthal v Harwood,
 
 35 NY2d 469, 475).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 Order affirmed, without costs, in a memorandum.