■ In the Matter of MARIO M. CASTRACAN et al., Appellants, v ANTHONY J. COLAVITA, as Chairman of the Westchester Republican County Committee, et al., Respondents.—Per Curiam. Appeal from an order of the Supreme Court (Kahn, J.), entered October 17, 1990 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, inter alia, declare invalid the certificates of nomination naming various respondents as candidates for the offices of Justice of the Supreme Court and Surrogate for the Ninth Judicial District in the November 6, 1990 general election.

Petitioners commenced this proceeding challenging the nominations of various candidates for judicial offices in the Ninth Judicial District who had been cross-endorsed by both the Republican and Democratic parties. According to petitioners, the cross endorsement of the judicial candidates violated the NY Constitution and Election Law in that it served to disenfranchise the voters of the Ninth Judicial District. In their petition, petitioners sought to void what they claimed to be an illegal three-year plan engineered by various Republican and Democratic Executive Committees of the counties in the Ninth Judicial District whereby it was apparently agreed upon in advance that certain candidates would be cross-endorsed by the political parties involved. Aside from requesting that the plan be declared void, petitioners also requested that the nominations and nominating certificates of certain of the involved candidates be voided and the judicial conventions be ordered reconvened.

In answering, respondents alleged various defenses, including lack of jurisdiction and standing, failure to join necessary parties and failure to state a cause of action. Two of the respondents moved to dismiss the petition. Supreme Court specifically decided not to address any procedural issues and

chose to dismiss the petition on the merits. The court found that the cross endorsement of judicial candidates was not prohibited by the Election Law and, since the challenged candidates were properly nominated by the conventions, no relief could be granted. This appeal by petitioners followed.

While petitioners undoubtedly raise several interesting issues relating to the propriety and appropriateness of the practice of judicial cross endorsements, we cannot simply ignore the legitimate procedural objections raised by respondents[1] as did Supreme Court in order to more expeditiously explore the merits. Accordingly, a brief discussion of the pertinent points follows.

Initially, we must agree with respondents that petitioners have failed to join necessary parties in this proceeding. Notably, petitioners named as parties only three of the judicial candidates named on the challenged certificates of nomination and nominated at the 1990 conventions even though petitioners object in terms which indicate that they are challenging the certificates in their entirety and are requesting new judicial conventions. This court has said in the past that when a certificate of nomination that covered a number of candidates is challenged in a proceeding that sought to invalidate the certificate and require a new party caucus, all the nominees on the certificate must be joined since, if the petition is granted, they would all be disqualified as candidates and would run the risk of not being nominated at the new caucus (see, Matter of Sahler v Callahan, 92 AD2d 976, 977). Here, the rights of all the candidates nominated for Supreme Court Justice, and not just those specifically cross-endorsed, are "inextricably interwoven" and, therefore, they were necessary parties (see, Matter of McGoey v Black, 100 AD2d 635, 636; cf., Matter of Greenspan v O'Rourke, 27 NY2d 846).[2]

It should also be noted that, even though petitioners contend that the entire cross endorsement plan was allegedly agreed to by the executive committees of both parties in each

1. Petitioners incorrectly state that respondents' procedural arguments should not be addressed since those parties did not file notices of appeal from Supreme Court's decision. Since respondents were not aggrieved by Supreme Court's decision in their favor, it was not necessary for them to appeal (see, Albert I. Lonstein, P. C. v Seeman, 112 AD2d 566).

2. Since petitioners challenge all aspects of the cross endorsement plan and request that it be declared void in its entirety, it should also be noted that 1989 candidates named in the cross endorsement plan were also not joined by petitioners in the proceeding nor is there any indication that objections against their nominations were timely filed.

county in the Ninth Judicial District, they did not name these committees as parties. Further, officers elected in the conventions that are requested to be voided and reconvened would also have had to be joined, since they might not be appointed at the requested reconvened conventions *(cf., Matter of Sahler v Callahan, supra)*. In addition, to the extent that petitioners seek to prohibit certain nominees from running for office in the Ninth Judicial District, the Boards of Election of each county in the district are also apparently necessary parties since these Boards are responsible for the conduct of elections in those counties *(see,* Election Law § 3-506). The law is clear that failure to join necessary parties in a proceeding pursuant to the Election Law prior to the time prescribed for initiating such a proceeding requires dismissal of the petition *(see, Matter of Marin v Board of Elections,* 67 NY2d 634). Since petitioners' failure to join necessary parties in this proceeding is apparent,[3] this proceeding is fatally defective.

Although we also have grave doubts about the standing of petitioners, it is unnecessary to explore this and other issues raised by the parties due to our resolution of the foregoing issue.

Order affirmed, without costs. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.

3. Another basis for dismissal of this proceeding is petitioners' failure to serve the Attorney-General *(see,* 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2214.05). The State Board of Elections, named in the petition, is undoubtedly a State body *(see,* Election Law § 3-100). CPLR 2214 requires that an order to show cause served upon a State body or officer must also be served on the Attorney-General (CPLR 2214 [d]).