(August 29, 1994)

■ In the Matter of JOHN M. REGAN et al., Appellants, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. [616 NYS2d 109] —Per Curiam. Appeal from a judgment of the Supreme Court (Spain, J.), entered August 16, 1994 in Albany County, which dismissed petitioners' application, in a proceed-

ing pursuant to Election Law § 16-102, to, *inter alia,* declare invalid the designating petitions naming certain respondents as candidates for the position of delegate or alternate delegate to the Republican Party Judicial District Convention, Seventh Judicial District, from various Assembly Districts in the September 13, 1994 primary election.

The essence of the petition and this appeal is petitioners' initial argument that Supreme Court erred in holding that the failure to join the Republican State Committee as a party respondent mandated dismissal of the petition. We disagree. CPLR 1001 (a) requires that all persons who might be inequitably affected by a judgment shall be made parties, and CPLR 1003 provides for dismissal for failure to join a necessary party. It can hardly be gainsaid that, if successful, the instant challenge to section 18 of the rules of the Republican State Committee (also known as "Party Call" rule) resulting in the invalidation of the method of selection of its delegates to the Judicial District Convention would inequitably affect the Republican State Committee, and that therefore the Republican State Committee was a necessary party whose nonjoinder required dismissal* *(see,* CPLR 1001 [a]; *Matter of Fulani v Smith,* 181 AD2d 940, 941, *lv denied* 79 NY2d 755; *Matter of Castracan v Colavita,* 173 AD2d 924, 925, *appeal dismissed* 78 NY2d 1041; *Matter of Rizzo v Withers,* 158 AD2d 497, 498; *Matter of Curcio v Wolf,* 133 AD2d 188, 189; *cf., Matter of Seaman v Bird,* 176 AD2d 1061; *Matter of Michaels v New York State Bd. of Elections,* 154 AD2d 873).

Having held that the petition in this proceeding was properly dismissed on procedural grounds, it is unnecessary to address petitioners' several remaining arguments.

Cardona, P. J., White, Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioners' argument that this proceeding is governed by Election Law § 16-102 and that the provisions of the CPLR are not controlling is meritless *(see,* CPLR 103 [a], [b]).