■ In the Matter of FERNANDO VASQUEZ et al., Appellants, v OWEN T. SMITH et al., as Commissioners of the New York State Board of Elections, et al., Respondents. (Proceeding No. 1.) In the Matter of DEBRA J. CODY et al., Appellants, v OWEN T. SMITH et al., as Commissioners of the New York State Board of Elections, et al., Respondents. (Proceeding No. 2.) [637 NYS2d 806] —Per Curiam. Appeal, in proceeding No. 1, from a judgment of the Supreme Court (Harris, J.), entered February 6, 1996 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petitions naming petitioners as delegates or alternate delegates to the 1996 Republican National Convention from various Congressional Districts in the March 7, 1996 primary election.

Appeal, in proceeding No. 2, from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 7, 1996 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petitions naming petitioners as delegates or alternate delegates to the Republican National Convention from various Congressional Districts in the March 7, 1996 primary election.

Following determinations by the State Board of Elections invalidating certain petitions designating petitioners as candidates for the position of delegate and/or alternate delegate to the 1996 Republican National Convention (hereinafter the Convention) supporting Pat Buchanan as President of the United States, petitioners commenced these two proceedings seeking to validate their petitions. Both proceedings challenge the signature requirements applied to their designating petitions. Significantly, the Laws of 1995 (ch 586), adopted by the Legislature on August 8, 1995, prescribed the methods by which a political party could select delegates and alternate delegates to the 1996 national party conventions. Pursuant to this legislation, the New York Republican State Committee (hereinafter the Committee) filed an amendment to its rules indicating that it was choosing the method described in section 2 of the Laws of 1995 (ch 586), whereby three delegates and

three alternate delegates to the Convention shall be elected from each Congressional district in the State and that such candidates would qualify for the ballot pursuant to the designating petition process delineated in Election Law articles 2 and 6.[1]

All of the designating petitions that are the subject of these appeals were ultimately determined to be invalid because they do not contain the minimum number of valid signatures required pursuant to Election Law § 6-136.[2] Petitioners in both these proceedings principally argue that the section of the Laws of 1995 (ch 586) under which the rules involved herein were enacted by the Committee is unconstitutional. Both proceedings were dismissed upon, *inter alia*, procedural grounds, prompting the filing of these appeals by petitioners.[3]

In our view, the proceedings were properly dismissed. We agree that the failure to join the Committee as a party respondent mandated dismissal of the petitions. CPLR 1001 (a) states that all those who might be inequitably affected by a judgment shall be made parties, and CPLR 1003 provides for dismissal for failure to join a necessary party. Notably, this Court has ruled in the past that the failure to join the Committee as a party in a suit challenging one of its rules is fatal (*see, Matter of Regan v New York State Bd. of Elections*, 207 AD2d 647, *lv denied* 84 NY2d 801). We are unpersuaded by petitioners' argument that the Committee is disinterested in this issue and would not be inequitably affected. Accordingly, we agree with Supreme Court that the Committee was a necessary party whose nonjoinder mandated dismissal (*see, supra*, at 648; *Matter of Castracan v Colavita*, 173 AD2d 924, 925, *appeal dismissed* 78 NY2d 1041).

In light of the fact that the petitions in this proceeding must be dismissed on the previously discussed procedural ground, it

---

**1.** Under the rule chosen by the Committee, the number of signatures required for ballot access as a candidate for delegate or alternate delegate to the Convention is the number required for a Congressional district candidate, i.e., 5% of the enrolled voters in the party in the district or 1,250 signatures, whichever is fewer (*see*, Election Law § 6-136 [2] [g]; [3]).

**2.** It should be noted that the designating petition concerning candidates from the 31st Congressional District, which had been found to be valid and sufficient (except for one candidate who had failed to list his proper address), was originally included as part of the overall challenge in proceeding No. 2. However, it was determined that issues concerning this designating petition were either moot or withdrawn by stipulation of counsel. Since these determinations are not challenged on appeal, we find no reason to consider any issues relating to this particular designating petition.

**3.** In proceeding No. 2, the matter was also dismissed upon the merits.

is unnecessary to address petitioners' remaining arguments or to pass on any other issues that were determined by Supreme Court, other than noting our agreement with the determination in proceeding No. 2 that challenges not raised in the petition and brought up for the first time after the commencement of the proceeding without sufficient notice are not properly before the Court and need not be addressed (*see, Matter of Suarez v Sadowski*, 48 NY2d 620, 621).

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgments are affirmed, without costs.