(September 10, 2007)

■ In the Matter of ROBERT CONROY et al., Respondents-Appellants, v STATE COMMITTEE OF THE INDEPENDENCE PARTY OF NEW YORK et al., Appellants-Respondents, et al., Respondents. [840 NYS2d 913]—

In a hybrid proceeding pursuant to CPLR article 78 and Election Law article 16 and an action for a judgment declaring that the amendments to articles II and XII of the rules of the New York State Committee of the Independence Party adopted on January 28, 2007 are invalid, the State Committee of the Independence Party of New York, Frank MacKay, William Bogardt, Frank Morano, and Thomas Connolly appeal, as limited by their brief, from stated portions of a final order of the Supreme Court, Kings County (Levine, J.), dated March 12, 2007, which, inter alia, granted that branch of the petition which was to invalidate an amendment to article XII of the party rules that vested the State Committee of the Independence Party of New York with the power to remove and recall members and officers of any County Committee or Interim County Organization and to fill vacancies within those committees or organizations, and, in effect, declared that the amendment is invalid, and the petitioners cross-appeal from the same final order.

Ordered that the cross appeal is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the contentions of the State Committee of the Independence Party of New York (hereinafter the State Committee), the challenged amendment to article XII of the State Committee's rules conflicts with the Election Law. The provision of the amendment which purports to vest in the State Committee the authority to remove and recall members and officers of any County Committee or Interim County Organization (hereinafter collectively county-level organizations) without cause undermines the statutory scheme for the election of members and officers of county-level organizations (*see* Election Law §§ 2-100, 2-104, 2-106, 2-112). The provision of the amendment which purports to vest in the State Committee the authority to institute removal proceedings against members and officers of county-level organizations for disloyalty or corruption directly contravenes Election Law § 2-116, which authorizes each "party

committee" to remove its own members and officers for such reasons. Moreover, the amendment contravenes Election Law § 2-118 by purporting to allow the State Committee to fill vacancies within county-level organizations. Accordingly, the Supreme Court correctly granted that branch of the petition which was to invalidate the amendment (*see Matter of Grancio v Coveney*, 60 NY2d 603 [1983]; *cf. Matter of Schiliro v Mazza*, 53 NY2d 735 [1981]; *Matter of Independence Party State Comm. of State of N.Y. v Berman*, 28 AD3d 556 [2006]).

The appellants' remaining contentions are not preserved for appellate review or are without merit. Prudenti, P.J., Crane, Fisher and Carni, JJ., concur.