■ In the Matter of Lynne Dixon, Appellant, v Robert B. Reynolds, Jr., et al., Respondents, et al., Respondents. [883 NYS2d 747]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered August 6, 2009 in a proceeding pursuant to, inter alia, Election Law article 16. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this special proceeding

seeking, inter alia, a determination that the certificates of authorization issued to respondents Robert B. Reynolds, Jr., Michele M. Iannello, and Thomas A. Loughran by the Erie County Independence Párty were null and void. The certificates in question authorized those three respondents to run in the Independence Party primary for the position of County Legislator. We agree with Supreme Court that the proceeding is jurisdictionally defective based on petitioner's failure to join the New York State Independence Party (State Party) as a necessary party (*see* CPLR 1001 [a]; 1003; *Matter of Vasquez v Smith*, 224 AD2d 822, 823 [1996]; *Matter of Regan v New York State Bd. of Elections*, 207 AD2d 647 [1994], *lv denied* 84 NY2d 801 [1994]). The petition sought a determination interpreting the State Party's rules, and such determination could have an inequitable effect on the rights of the State Party (*see Vasquez*, 224 AD2d at 823). Additionally, petitioner failed to serve the Erie County Independence Party in accordance with the terms of the order to show cause (*see Matter of Rodriguez v Ward*, 43 AD3d 640, 641 [2007]). In view of our determination, we need not address the remaining issues raised on appeal. Present—Scudder, P.J., Hurlbutt, Martoche, Green and Pine, JJ.