(October 30, 2009)

■ In the Matter of THOMAS E. WOOD JR., Respondent, v SUSAN R. CASTINE, as Democratic Elections Commissioner, et al., Respondents, and JUDITH C. LAYHEE, as Republican Elections Commissioner, Appellant. [888 NYS2d 264]—

---

Per Curiam. Appeal from a judgment of the Supreme Court (Ryan, J.), entered October 22, 2009 in Clinton County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 78 and Election Law § 16-102, to, among other things, compel the mailing of certain military ballots for the November 3, 2009 general election and to declare invalid the certificate of nomination naming Ronald E. Lee Sr. and Herbert O. Therrian as the Republican Party candidates for the office of Altona Town Councilperson in the November 3, 2009 general election.

Petitioner, a registered voter residing in the Town of Plattsburgh, Clinton County, commenced this proceeding seeking to, among other things, compel respondents to mail certain military ballots for the November 3, 2009 general election and to invalidate the certificate of nomination naming Ronald E. Lee Sr. and Herbert O. Therrian as the Republican Party candidates for the office of Altona Town Councilperson in the November 3, 2009 general election upon the ground that the certificate of nomination was not filed in the time and manner prescribed by Election Law §§ 1-106, 6-144 and 6-158 (6). Respondent Judith C. Layhee, the Republican Elections Commissioner for respondent Clinton County Board of Elections, opposed the requested relief contending, among other things, that petitioner lacked standing to maintain a proceeding under either CPLR article 78 or Election Law §§ 16-102 and 16-104 and that the proceeding should be dismissed for failure to join necessary parties—namely, Lee and Therrian.[1] Supreme Court, among other things, granted the petition on the merits, finding that the certificate of nomination was not filed in compliance with Election Law § 6-144, and ordered that the general election ballot be printed and the relevant military ballots be mailed without listing the

1. Layhee also brought an order to show cause, which Supreme Court declined to sign, contending that certain Democratic Party caucuses failed to comply with the notice provisions of Election Law § 6-108 (3).

Republican Party's candidates for the office of Altona Town Councilperson.[2] This appeal by Layhee ensued.

Assuming, without deciding, that CPLR article 78 relief lies under the circumstances presented here (*see generally Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]), petitioner has failed to allege any facts demonstrating that he is aggrieved so as to establish standing to challenge respondents' failure to distribute the relevant military ballots within the time frame required by Election Law § 10-108 (1) and/or to compel the distribution thereof under CPLR article 78 (*see generally Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]). Similarly, inasmuch as petitioner does not reside in the Town of Altona, Clinton County, he cannot avail himself of voter-objector standing under Election Law § 16-102, as he is not eligible to vote for the office of Altona Town Councilperson and, therefore, could not (and did not) file written objections to the underlying certificate of nomination (*see* Election Law § 16-102 [1]; § 6-154 [2]; *compare Matter of Seaman v Bird*, 176 AD2d 1061, 1062 [1991]). Finally, because petitioner is neither an aggrieved candidate nor a party chairperson, he does not have standing to contest the form and content of the ballot under Election Law § 16-104. Accordingly, this proceeding must be dismissed for lack of standing.

Moreover, even assuming that petitioner had standing, we would dismiss this proceeding for failing to join Lee and Therrian as necessary parties. As candidates for the office of Altona Town Councilperson, Lee and Therrian plainly qualified as individuals whose interests might be "inequitably affected" by a judgment in a proceeding seeking to invalidate their nomination and preclude their inclusion on the general election ballot (*see* CPLR 1001 [a]; *Matter of Castracan v Colavita*, 173 AD2d 924, 925 [1991], *appeal dismissed* 78 NY2d 1041 [1991]; *compare Matter of Master v Davis*, 65 AD3d 646, 647 [2009], *lv denied* 13 NY3d 701 [2009]), and the failure to join them in the context of this proceeding requires dismissal of the petition (*see Matter of Master v Pohanka*, 43 AD3d 478, 479 [2007]). Layhee's remaining contentions, to the extent not specifically addressed, are either academic or lacking in merit.

Spain, J.P., Malone Jr., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the petition and ordered respondents to certify the ballot for the November 3, 2009 general election without listing Ronald E. Lee Sr. and

---

2. We have been advised that the military, medical and absentee ballots were mailed on or about October 26, 2009.

Herbert O. Therrian as the Republican Party candidates for the office of Altona Town Councilperson; petition seeking said relief dismissed; and, as so modified, affirmed.