■ In the Matter of CHARLES BURKWIT, Appellant, v DANIEL A. OLSON, Chairman, Wayne County Republican Committee, et al, Respondents. [929 NYS2d 348]—

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the petition is reinstated, and the matter is remitted to Supreme Court, Wayne County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding seeking, inter alia, to annul the caucus of respondent Town of Williamson Republican Committee (Town Committee), held on July 28, 2011, insofar as it pertains to the two offices of town justice, and to compel the Town Committee to hold a new caucus for those offices. Supreme Court properly determined that the other candidates who appeared before the caucus for the two offices of Town Justice were necessary parties to the proceeding (see Matter of Castracan v Colavita, 173 AD2d 924, 925 [1991], appeal dismissed 78 NY2d 1041 [1991]),

and that petitioner's failure to join them would require dismissal of the petition (*see Matter of Quis v Putnam County Bd. of Elections*, 22 AD3d 585 [2005]; *see also Matter of Dixon v Reynolds*, 65 AD3d 819 [2009], *lv denied* 13 NY3d 701 [2009]; *see generally* CPLR 1001 [a]; 1003).

At the hearing on the petition, however, petitioner moved for leave to amend the order to show cause and petition in order to join the additional candidates. The court failed to address that motion for joinder, and such failure is deemed a denial thereof (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864 [1993]). Counsel for respondents acknowledged at oral argument before this Court that petitioner's motion was made within 10 days of "the filing of the certificate of nominations made at [the] caucus" (Election Law § 16-102 [2]; *see also Matter of Marin v Board of Elections of State of N.Y.*, 67 NY2d 634, 636-637 [1986]; *Matter of Borelli v Meier*, 264 AD2d 479 [1999]), and thus the motion was timely. Because leave to amend pleadings "shall be freely given" (CPLR 3025 [b]; *see Haga v Pyke*, 19 AD3d 1053, 1054-1055 [2005]), we conclude that the court erred in denying the motion.

We further conclude that the court erred in determining that petitioner does not have standing to maintain this proceeding. Petitioner is an aggrieved candidate within the meaning of Election Law § 16-102 inasmuch as he contends that respondents failed to follow "a legislatively mandated requirement of the Election Law" and that he was thereby deprived of the opportunity to be nominated as a candidate (*Matter of Gross v Hoblock*, 6 AD3d 933, 935 [2004]; *see Matter of Liepshutz v Palmateer*, 112 AD2d 1098, 1099 [1985], *affd* 65 NY2d 963 [1985]; *Matter of DiStefano v Kiggins*, 254 AD2d 688 [1998]). We agree with petitioner that the caucus rule passed by respondents, which mandated that only registered Republicans could be nominated for office at the caucus, violates Election Law § 6-120 (4) and is therefore invalid (*see Matter of Grancio v Coveney*, 96 AD2d 917 [1983], *affd* 60 NY2d 603 [1983]; *see generally Matter of Rosenthal v Harwood*, 35 NY2d 469, 475 [1974]). We therefore reverse the order, grant petitioner's motion for leave to amend his order to show cause and petition to join the additional candidates, and reinstate the petition, and we remit the matter to Supreme Court for further proceedings on the petition after the necessary parties are joined. Present—Centra, J.P., Fahey, Green and Gorski, JJ.