# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**835**

**CAE 14-01441**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF ERIN J. O'BRIEN,
PETITIONER-APPELLANT,

                    V                             MEMORANDUM AND ORDER

FRANCIS J. PORDUM, TIMOTHY J. PAWARSKI,
MARY I. JULIAN, MARY ALICE GRANT,
RICHARD F. ROSE, RICHARD E. DOBSON,
REBECCA L. PORDUM AND NEW YORK STATE BOARD OF
ELECTIONS, RESPONDENTS-RESPONDENTS.

---

SLIWA & LANE, BUFFALO (PAUL F. MURAK OF COUNSEL), FOR
PETITIONER-APPELLANT.

THOMAS E. WEBB, JR., WILLIAMSVILLE (JAMES OSTROWSKI OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS FRANCIS J. PORDUM, TIMOTHY J. PAWARSKI, MARY
I. JULIAN, MARY ALICE GRANT, RICHARD F. ROSE, RICHARD E. DOBSON, AND
REBECCA L. PORDUM.

NEW YORK STATE BOARD OF ELECTIONS, ALBANY (KATHLEEN O'KEEFE OF
COUNSEL), RESPONDENT-RESPONDENT PRO SE.

---

    Appeal from an order of the Supreme Court, Erie County (Matthew
J. Murphy, III, A.J.), entered August 14, 2014 in a proceeding
pursuant to Election Law article 16. The order, insofar as appealed
from, dismissed the petition as jurisdictionally defective on the
ground that petitioner failed to serve the Attorney General.

    It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the petition is
reinstated and the matter is remitted to Supreme Court, Erie County,
for further proceedings in accordance with the following Memorandum:
Petitioner commenced this proceeding by order to show cause and
petition pursuant to Election Law article 16 seeking to invalidate the
joint designating petition of Francis J. Pordum, Timothy J. Pawarski,
Mary I. Julian, Mary Alice Grant, Richard F. Rose, Richard E. Dobson,
and Rebecca L. Pordum (candidate respondents). The first six of those
candidate respondents sought to be designated judicial delegates of
the 147th Assembly District in the September 9, 2014 Democratic Party
primary election, and the final candidate respondent sought to be
designated an alternate delegate thereof. We agree with petitioner
that Supreme Court erred in dismissing the petition as
jurisdictionally defective on the ground that she failed to serve the
Attorney General with the order to show cause as required by CPLR 2214

(d), and we therefore reverse the order insofar as appealed from, reinstate the petition, and remit the matter to Supreme Court for entry of an order determining the merits.

CPLR 2214 (d) provides, in relevant part, that "[a]n order to show cause against a state body or officers must be served in addition to service upon the defendant or respondent state body or officers upon the attorney general by delivery to an assistant attorney general at an office of the attorney general in the county in which venue of the action is designated or if there is no office of the attorney general in such county, at the office of the attorney general nearest such county." In our view, however, the record on appeal establishes that the "respondent state body" in this case—respondent New York State Board of Elections—was represented by its own counsel, and we therefore conclude that petitioner's failure to serve the Attorney General was at most a technical defect that may be disregarded (*see* CPLR 2001; *see also Duffy v Schenck*, 73 Misc 2d 72, 73, *affd* 42 AD2d 774; *see generally* Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:30, at 151-152; *cf. Matter of Castracan v Colavita*, 173 AD2d 924, 926 n 3, *appeal dismissed* 78 NY2d 1041)

We reject the contention of respondent candidates that the appeal should be dismissed for petitioner's failure to include the hearing transcript in the record on appeal inasmuch as we conclude that the record on appeal is adequate for us to decide the above jurisdictional issue. Finally, we have examined the additional contentions raised by the candidate respondents and conclude that they are without merit.

Entered: August 20, 2014                    Frances E. Cafarell
                                            Clerk of the Court