Matter of Bunch v Baker (2019 NY Slip Op 06435)





Matter of Bunch v Baker


2019 NY Slip Op 06435


Decided on August 29, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 29, 2019

529347

[*1]In the Matter of TIMOTHY BUNCH, as Chair of the Town of Rochester Republican Committee, Appellant, et al., Petitioners,
v
GRETA BAKER, as Chair of the Town of Rochester Democratic Caucus, et al., Respondents, et al., Respondents.

Calendar Date: August 21, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Timothy Bunch, Accord, appellant pro se.
Greta Baker, Accord, and Samuel Zurofsky, Kerhonkson, respondents pro se.



MEMORANDUM AND ORDER
Per Curiam.
Appeal from an order of the Supreme Court (Schreibman, J.), entered May 23, 2019 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming certain individuals as the Democratic Party candidates for various public offices in the Town of Rochester in the November 5, 2019 general election.
On April 28, 2019, the Democratic Party caucus for the Town of Rochester, Ulster County convened to nominate its candidates for various Town offices in the November 5, 2019 general election. The rules of the caucus, which were adopted by a voice vote, provided, in relevant part, that "[o]nly individuals who [were] physically present to answer questions and to confirm their acceptance of a nomination [were] eligible to be nominated." Nominations ensued and, as relevant here, three individuals were successfully nominated as the Democratic Party candidates for the public offices of Superintendent of Highways (Jeffrey Frye) and member of the Town Council (Erin Enouen and Adam Paddoch). Rick Gray also was nominated for the office of Superintendent of Highways, and Fallon Wynkoop was similarly nominated for the office of member of the Town Council; however, as neither Gray nor Wynkoop was present at the caucus, [*2]the Chair of the caucus, respondent Greta Baker, did not permit those nominations to proceed to a vote.[FN1]
Petitioners thereafter commenced this proceeding by order to show cause challenging the propriety of the caucus rule requiring a nominee to be physically present and seeking to invalidate the certificate of nomination naming Frye, Enouen and Paddoch as candidates for their respective offices, as well as to compel the Town's Democratic Party to conduct a new caucus. Baker and respondent Samuel Zurofsky, the Secretary of the caucus, answered and oral argument ensued, at which time the parties present agreed that there was no need for a hearing. Supreme Court thereafter dismissed the proceeding based upon, among other things, petitioners' failure to join Frye, Enouen and Paddoch as necessary parties, and this appeal by petitioner Timothy Bunch ensued.
We affirm. As the successful nominees for their respective Town offices, Frye, Enouen and Paddoch "plainly qualif[y] as individuals whose interests might be 'inequitably affected' by a judgment in a proceeding seeking to invalidate their nomination and preclude their inclusion on the general election ballot" (Matter of Wood v Castine, 66 AD3d 1326, 1328 [2009], quoting CPLR 1001 [a]; see Matter of Burkwit v Olson, 87 AD3d 1264, 1264-1265 [2011]; Matter of Castracan v Colavita, 173 AD2d 924, 925 [1991], appeal dismissed 78 NY2d 1041 [1991]). Petitioners made no effort to join the successful nominees as parties (compare Matter of Burkwit v Olson, 87 AD3d at 1265) — erroneously believing that their rights were adequately protected by the named respondents — and, "if the [requested relief] is granted, [Frye, Enouen and Paddoch] would all be disqualified as candidates and would run the risk of not being nominated at the new caucus" (Matter of Castracan v Colavita, 173 AD2d at 925). Under these circumstances, Supreme Court properly concluded that petitioners' failure to join Frye, Enouen and Paddoch as necessary parties mandated dismissal of this proceeding (see Matter of Wood v Castine, 66 AD3d at 1328; Matter of Smith v Kelly, 265 AD2d 562, 562 [1999]; Matter of Castracan v Colavita, 173 AD2d at 926). In light of this conclusion, we need not address Bunch's remaining arguments.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: According to petitioner Timothy Bunch, both Gray and Wynkoop are enrolled members of the Republican Party. The Election Law permits cross-party nominations where, as here, the nominations are made by a party caucus (see Election Law § 6-120 [2], [4]).