■ TOWN OF ISLIP TOWN COMMITTEE OF THE CONSERVATIVE PARTY OF NEW YORK STATE et al., Respondents, v DONALD W. LEO et al., Appellants.— Appeal from a judgment of the Supreme Court, Suffolk County, dated May 18, 1979, which, *inter alia,* directed that the slate of officers of the Islip Town Conservative Party Committee headed by Thomas Leirer be permitted to act with full authority as members of the Suffolk County Conservative Party Executive Committee, as well as officers of the Town of Islip Conservative Party Committee. Judgment reversed, without costs or disbursements, and case remitted to Special Term for a hearing consistent herewith. On the court's own motion, the proceeding is converted into a declaratory judgment action; the petition shall be considered as a complaint, and the answer to the petition shall be considered as an answer to the complaint. On October 1, 1978, at a Holiday Inn motel, the Islip Town Conservative Party Committee conducted an election at which two slates of officers were nominated: one was headed by Thomas Leirer and the other by Patricia Giordano. The results of the election, which were certified by Bonita Regan, secretary, were contained in the secretary's minutes of the meeting, which reflect compliance with the formalities required to hold such an organizational meeting. The minutes, however, show that the legality of certification by the county executive committee was questioned, and that "Mr. Leirer's slate was elected by show of hands." Following the election, and on the same evening and at the same Holiday Inn where the organizational meeting had been held, a dissident group adjourned to a different room, held another meeting, and elected a slate of officers headed by Giordano. Subsequently, the appellant Leo, acting in the capacity of counsel to the Executive Committee of the County Conservative organization, prepared a resolution which was adopted by the county executive committee on October 13, 1978. By this resolution the county executive committee purportedly ratified the election of the Giordano slate and negated the election of the Leirer slate. Petitioners *successfully argued at Special Term that by virtue of section 16-102 of* the Election Law appellants were time barred from challenging the results of the first election. On this appeal, the appellants maintain that Special Term erroneously applied section 16-102 against them. Instead they insist that the statute should have been applied against petitioners and that the instant proceeding should be barred by the 10-day limitation contained in the statute, since it was commenced in mid-January, 1979, more than 100, but less than 120, days after the election. We hold that section 16-102 of the Election Law does not apply in this matter. The main question before us is which of the two slates of officers, both claiming to have been validly elected at a properly convened meeting of the town committee, should be recognized as such by the county executive committee, and whether the county executive committee acted improperly in recognizing the Giordano slate as the duly elected representatives of the town committee. In this case the dispute relates to the propriety of two elections and the slates of party officers elected at each. This proceeding, though brought under CPLR article 78, concerns an internal struggle for the control of the party committee in the town, and the relief sought is the declaration of the rights of the two contesting slates as to which had been properly elected as party officers, and an injunction restraining the action of the losing slate. We therefore convert the proceeding into an action for a declaratory judgment (see CPLR 103,

subd [c]), as all parties to the dispute are before the court. Section 16-102 of the Election Law imposes a short limitation of 10 days in order to meet the exigencies of preparing ballots and conducting elections for public office. This is not such a case, and there is no necessity for haste in the determination of the dispute. Hence the action was timely brought (cf. *Theofel v Butler,* 227 App Div 626; *Democratic Organization of County of Richmond, N. Y. v Democratic Organization of County of Richmond;* 253 App Div 820; *Mele v Ryder,* 8 AD2d 390, app dsmd 7 NY2d 1027; *Lamb v Cohen,* 40 Misc 2d 615). Special Term erred in granting the petitioners' judgment without holding a hearing. The crux of the matter is which of the two meetings held on October 1, 1978 was validly convened and conducted. This requires a hearing at which testimony can be taken as to what actually happened at both meetings, such as whether at the first meeting, the chairman properly refused to allow certain of those present to vote, and whether the show of hands was the proper method of counting votes or the hands were correctly counted. Should it be determined, after the hearing, that the first meeting was properly convened, and that the election was proper, then the first slate should be declared elected. If, on the other hand, the first meeting and election are found to have been improperly held, but the later one proper, then the second slate should be declared elected. Finally, if it should be determined that neither meeting was properly convened, then a new convention and election should be had. Hopkins, J. P., Damiani, Rabin and Gulotta, JJ., concur.