In the Matter of FRANK MARIN et al., Appellants, v BOARD OF ELECTIONS OF THE STATE OF NEW YORK et al., Respondents. — Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered October 23, 1984 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, *inter alia,* void votes cast at an organizational meeting of the Liberal Party State Committee and the filings resulting therefrom.

An organizational meeting of the Liberal Party State Committee was conducted on September 17, 1984 as a result of a court order. The instant controversy is apparently the result of factional strife within the party. At the meeting, respondents Donald Harrington and James Notaro were elected as Chairman and Secretary of the State Committee, respectively. Also elected were other party officers and members of the party's Executive Committee. Additionally, electors for President and Vice-President were nominated.

Petitioners allege that the election of respondents Harrington and Notaro was the result of many members of their faction being improperly denied the right to vote at the organizational meeting and many members of the opposing faction being improperly allowed to vote. Petitioners sought an order voiding all votes taken at the meeting and declaring their candidates to have been duly elected. Special Term dismissed the petition on

the ground that there was a failure to name indispensable parties. Petitioners appeal from that dismissal.

The relief requested by petitioners is to void all votes cast at the September 17, 1984 organizational meeting and to declare their slate of candidates to have been duly elected. Thus, if successful, petitioners would affect not only the offices held by respondents Harrington and Notaro but all the other offices filled at the organizational meeting. Necessary parties are "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (CPLR 1001 [a]). Clearly, petitioners failed to join necessary parties.

Petitioners also request leave to amend the petition to name the necessary parties. While petitioners failed to request this relief before Special Term, parties may be added at any stage of an action and even absent a motion by one of the parties (CPLR 1003). Since failure to join necessary parties is, generally, a ground for dismissal of an action without prejudice (CPLR 1003), leave to amend a pleading to add necessary parties should be freely granted. Here, however, while the proceeding was commenced within the 10-day time period provided by Election Law § 16-102 (2), that Statute of Limitations has run with respect to the unnamed parties (*see, Tabolt v KMZ Enters.*, 52 AD2d 995, *affd* 43 NY2d 687). If the 10-day Election Law limitations period is rigidly enforced, the serious allegations of misconduct in the manner in which respondents conducted an organizational meeting of a major political party in this State will never be addressed.

In our view, the issue of the nomination of electors for President and Vice-President, an issue which is now moot, should be severed, and the 10-day limitations period applied to that issue only. As to the question of the validity of the election of respondents Harrington and Notaro as Chairman and Secretary and other members as party officers, Election Law § 16-102 (2) should not be applied since an expeditious decision is unnecessary. Here, as in *Town of Islip Town Committee v Leo* (71 AD2d 624), the issue of organization meeting regularity can be addressed in a dispassionate manner. As the Appellate Division, Second Department, stated in *Islip* (*supra*): "Section 16-102 of the Election Law imposes a short limitation of 10 days in order *to* meet the exigencies of preparing ballots and conducting elections for public office. This is not such a case, and there is no necessity for haste in the determination of the dispute" (*id.*, p 625).

Judgment modified, on the law and the facts, without costs, by reversing so much thereof as dismissed the petition challenging the election of the Chairman, Secretary and other officers of the Liberal Party State Committee; petitioners' request for leave to amend their petition to name all necessary parties granted; and, as so modified, affirmed. Mahoney, P. J., Yesawich, Jr., and Harvey, JJ., concur; Casey and Mikoll, JJ., dissent and vote to affirm in the following memorandum by Mikoll, J.

Mikoll, J. (dissenting). We respectfully dissent. Special Term properly dismissed the petition for the failure to name necessary parties (*see, Matter of Greenspan v O'Rourke,* 27 NY2d 846; *Matter of Sahler v Callahan,* 92 AD2d 976). This defect is jurisdictional. The Statute of Limitations has run against the unnamed successful candidates (*see,* Election Law § 16-102 [2]).

Petitioners rely on *Town of Islip Town Committee v Leo* (71 AD2d 624) as support for their contention that they should be granted leave to amend the petition to bring in necessary parties, not heretofore named, on the ground that the haste involved in Election Law matters is not present here. Such reliance is misplaced, as that case concerned the issue of which slate of party officers had been properly elected at separate meetings of the Conservative Party Town Committee. In the case at bar, the petition sought, *inter alia,* to invalidate the nomination and designation of candidates for public offices to be chosen by the voters at the upcoming general election, namely, of Walter F. Mondale and Geraldine A. Ferraro for President and Vice-President of the United States, respectively, as well as the presidential and vice-presidential electors nominated therefor. Preparation of election ballots for election had to be timely completed. The case of *Town of Islip Town Committee v Leo* (*supra*) is therefore not applicable in these circumstances. The short statutory period of Election Law § 16-102 (2) should therefore be followed.

The order should be affirmed in its entirety.