OPINION OF THE COURT
Ralph A. Beisner, J.
The petition herein seeks judgment declaring the Republican certificate of nominations of Town of Poughkeepsie offices filed August 1, 1989 with the Dutchess County Board of Elections null and void and related relief, as well as sanctions against the respondent Louis R. DelSanto. This proceeding was commenced by order to show cause and petition with exhibits and amended order to show cause and petition with exhibits. Respondent Gerald J. Sliss submitted a notice of appearance, respondent Catherine A. Crane submitted her attorney’s affirmation, and the Commissioner of Elections for Dutchess County filed a return.
On August 15, 1989 an evidentiary hearing was held wherein the respondents, Louis R. DelSanto, Kathleen B. Howard, Dorothy E. Still and Patricia A. Still, contested personal jurisdiction. For the reasons stated on the record, which is incorporated by reference herein, the court found service of process to be in compliance with the amended order to show cause. (Election Law § 16-116.)
On August 16, 1989 the court received additional submissions from counsel for the petitioner and counsel for the respondents, Louis R. DelSanto and Kathleen B. Howard: affidavit of Joseph Davis dated August 14, 1989; affidavit of Louis DelSanto dated August 16, 1989; affidavit of Kathleen B. Howard dated August 16, 1989 with exhibit; affidavit of Karen Bodo dated August 16, 1989; affidavit of Joseph Davis dated August 16, 1989; and memorandum of law. All the remaining respondents have failed to appear or make any submissions in opposition to the relief requested in the petition.
FINDINGS OF FACT
The petitioner Joseph Davis is the chairman of the Town of Poughkeepsie Republican Committee. On July 23, 1989 Davis caused to be published in the Poughkeepsie Journal a notice *422 of the Republican Town Convention for the purpose of nomination and selection of candidates for the 1989 general election. The "convention” was to be held on July 31, 1989.
Prior to July 31 the incumbent Highway Superintendent, Stanley Still, died. The petitioner states that there was not enough time for the Town Committee to screen and propose a new candidate for this vacancy, as was the custom. Therefore on July 27, 1989 petitioner caused to be published in the Poughkeepsie Journal a notice postponing the "convention” previously called for July 31, 1989.
On July 31, 1989 approximately 30 registered Republicans gathered at the time and location announced in the July 23, 1989 notice. Respondent Louis R. DelSanto convened the meeting and nominated and designated a slate of candidates for the various town offices for the 1989 general election. The candidates designated have been joined as respondents herein. On August 1, 1989 respondents DelSanto and Howard then caused to be filed with the Dutchess County Board of Elections the certificate of nominations which is at issue in this proceeding.
CONCLUSIONS OF LAW
The notice of "Convention” of July 23, 1989 was given in compliance with Election Law § 6-108 (3). The fact that the word "convention” was used instead of the word "caucus” had no substantive effect since the stated purpose of the meeting was "to nominate and select a slate of candidates for Town offices for the 1989 general election.” The "convention” was a legal "caucus” as defined in Election Law § 1-104 (28).
The unique issue and one of first impression is whether the town chairman who is clearly authorized to give notice and convene the caucus (Election Law § 6-108 [2], [3]) may legally postpone a caucus once convened. The statute is silent in this regard. Respondents argue that once called the caucus must be convened and can then be adjourned to a future date but cannot be postponed without meeting. Petitioner argues that the chairman, a concededly "proper party authority”, has the inherent power to postpone the meeting upon the same notice announcing the meeting.
Logic dictates that circumstances may occur where a postponement of the caucus is the only course of action available to a chairman, e.g., where the meeting facility is not available. Thus a categoric denial of the power to postpone *423 must be rejected. The next untested issue is whether the chairman may postpone only for good cause or is the power a blanket one. It is uncontroverted herein that the death of the incumbent Highway Superintendent and the lack of time to screen and recommend a suitable candidate for the position was the reason that the petitioner postponed the original caucus. It is further uncontroverted that the tradition and custom of the Town of Poughkeepsie Republican Committee is to screen and recommend candidates for town office at the nominating caucus.
It is the conclusion of this court that the untimely death of an incumbent officeholder, combined with the inability of the Town Committee to screen and recommend a suitable substitute candidate in accordance with past tradition and custom, constitutes good cause for a town chairman to exercise the inherent authority to postpone a caucus. It is not necessary for the court to determine the further extent of the chairman’s authority in this regard.
However, even were the court to conclude that the postponement notice of July 27, 1989 was not valid the convening of the caucus on July 31 by Mr. DelSanto was without color of statutory authority. The legislative scheme embodied in Election Law § 6-108, when read in its entirety, contemplates that when a town has a chairman of the Town Committee he/she is the proper party authority to "convene” the caucus. The statute further permits the delegation of such authority, but in the first instance it clearly resides in the chairman. In a democracy "authority” must evolve from the rule of law, in this cause statutory. It cannot have its genesis in a void.
The court is also mindful that the uncontroverted proof in this case is that a number of individuals who would have attended the town caucus did not do so because of reliance upon the "postponement” notice and would be effectively disenfranchised were the court to find the nominations of the July 31, 1989 meeting valid. The argument of respondents’ counsel that Election Law § 6-108 (2) allows the rules of the County Committee to govern is inventive but cannot avail the respondents in the Town of Poughkeepsie, which has a chairman of the Town Committee.
For the above reasons the court declares the actions taken at the July 31, 1989 meeting null and void and therefore needs not address the validity of the nominations of candidates in the ward subdivisions.
*424 The court does conclude that the actions of Mr. DelSanto and Ms. Howard with regard to the July 31, 1989 meeting and the filing of the certificate of nominations with the Dutchess County Board of Elections cannot be found to be intentionally violative of the Election Law and/or the rights of any parties to this litigation. As the court has observed, section 6-108 of the Election Law leaves various ambiguities of language which have not been resolved by legislative clarification or judicial precedent. To ask untrained individuals to interpret the Byzantine labyrinth of the statute without error would be a disservice to the very foundation of our elective process. Thus, the petitioner’s application for costs, counsel fees and other sanctions against any of the respondents is denied.
WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:
1. the certificate of nominations filed with the Dutchess County Board of Elections on August 1, 1989 is null and void, ab initio;
2. the purported caucus of the Town of Poughkeepsie Republican Committee and all actions taken at same is null and void, ab initio;
3. the Dutchess County Board of Elections is directed to purge its records of the certificate of nominations filed August 1, 1989 by the respondents, Louis R. DelSanto and Kathleen Howard;
4. the petitioner Joseph E. Davis, in his capacity as the chairman of the Town of Poughkeepsie Republican Committee, is directed to notice and convene a caucus of the Town of Poughkeepsie Republican Committee consistent with the foregoing and section 6-108 of the Election Law of the State of New York, on or before September 18, 1989.