◼ In the Matter of THOMAS R. MICHAELS et al., Appellants, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents.— Per Curiam. Appeal from an order of the Supreme Court (Cheeseman, J.), entered October 17, 1989 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondents Robert Whelan and

James B. Kane as the Conservative Party candidates for the office of Justice of the Supreme Court for the Eighth Judicial District in the November 7, 1989 general election.

Following the Eighth Judicial District convention of the Conservative Party on September 25, 1989, a certificate of nomination naming respondents James B. Kane and Robert Whelan (hereinafter collectively referred to as respondents) as the Conservative Party candidates for the public office of Justice of the Supreme Court for the Eighth Judicial District was filed with respondent New York State Board of Elections on September 29, 1989. This certificate also named Al C. Hollands as the sole member of the committee to fill vacancies. This proceeding was commenced on October 3, 1989 by petitioners to declare the certificate of nomination invalid.

Since we agree with Supreme Court that both petitioners had standing to institute the proceeding, we consider the two main points argued by petitioners on the appeal.

The first point raised by petitioners is that Supreme Court erred when it held that petitioners' failure to join the Conservative Party or its political subdivision rendered their petition fatally defective. We agree with petitioners' contention. In their order to show cause and petition, petitioners request (1) that the certificate of nomination of the Conservative Party be declared null and void, and (2) that the State Board be enjoined from placing respondents' names on the ballot as the Conservative Party nominees for the office of Justice of the Supreme Court for the Eighth Judicial District. This requested relief can be granted completely without joining the Conservative Party and/or any subdivision, and without said party being inequitably affected by such a judgment. Petitioners' challenge is to the conduct of the convention so that direct participation of the Conservative Party as such is not essential (CPLR 1001 [a]). To the extent that the oral argument of petitioners and their brief attempt to expand the relief requested in their petition to include further affirmative relief, we decline to consider such request on this appeal.

Petitioners' second issue is that the convention was conducted in violation of the Election Law. This contention stems from the manner in which the delegates and/or alternate delegates were permitted to vote at the convention without proper certification on the State Board's list.

In June 1989, the Conservative Party of the Eighth Judicial District was entitled to 20 delegates and 20 alternates from 15 Assembly districts (Nos. 136 through 150). In accordance with

the Election Law, designating petitions for delegates and alternates are to be filed with the applicable county board of elections if the Assembly district is wholly contained within a county and with the State Board if the Assembly district crosses county lines (Election Law § 6-144). Pursuant to this requirement, the designating petition for Assembly District No. 147 was required to be filed with the State Board. According to the State Board, since the designating petition for Assembly District No. 147 was not filed with it, that district was not entitled to have delegates at the judicial convention. After the primary election based on the petitions filed with the State Board for Assembly Districts Nos. 136, 137, 149 and 150, and on the filing with the Niagara County Board of Elections for Assembly Districts Nos. 138 and 139, the State Board certified seven delegates from those counties within the Eighth Judicial District other than Erie County. The State Board did not certify any delegates from Assembly District No. 147 since no designating petitions had been received from that district. The State Board did certify six delegates from Assembly districts wholly within Erie County. Accordingly, a total of 13 delegates (out of a possible 20) were thus certified by the State Board for the Eighth Judicial District convention of the Conservative Party.

The delegates and/or alternates who were permitted to vote at the convention were not limited by this certified list. Many other delegates who were known to Hollands, the convenor of the convention, to have been duly elected, either automatically because their race was uncontested or elected at the primary election, were permitted to vote. No objection was made to their voting at this time. The two votes cast from Assembly District No. 147 were invalid since the designating petitions for those two delegates and alternates had not been filed with the State Board as the law required in the case of a multicounty Assembly district. With the exception of this Assembly district, however, all other votes allowed to be cast were cast by duly elected delegates and alternates. As duly and properly elected delegates and alternates, their votes should, in our view, be considered valid despite their lack of certification by the State Board.

We find no requirement that only those duly elected delegates and alternates whose names appear on the certified list provided by the State Board can vote (see, Election Law § 6-124). Furthermore, the lack of certification here occurred because (1) of the failure of the local boards of elections to forward their lists of certified delegates to the State Board, (2)

the State Board misplaced the lists that were sent to it, or (3) the outcome of contested races for delegate was forwarded to the State Board by telephone according to prior accepted practice and the State Board never acknowledged receipt of such certification. In any event, the fault for this failure was entirely that of local boards of elections or the State Board, and not through any fault of respondents. In these circumstances, where only duly elected delegates and alternates voted at the convention, it would be unfair to hold any failure to properly forward, file and certify against respondents *(see, Matter of Meier v Mahoney,* 113 AD2d 1020).

The other issues raised by petitioners have been considered and found meritless. Accordingly, the order of Supreme Court should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.