■ In the Matter of CLARK J. SEAMAN, Respondent, v RICHARD R. BIRD, Appellant, et al., Respondents.—Per Curiam. Appeals (1) from an order of the County Court of Hamilton County (Feldstein, J.), entered October 4, 1991, which, *inter alia,* in a proceeding pursuant to Election Law § 16-102, transferred the matter to Supreme Court, and (2) from an order of the Supreme Court (Feldstein, J.), entered October 4, 1991 in Hamilton County, which granted petitioner's application to declare invalid a certificate of nomination naming respondent Richard R. Bird as the Conservative Party candidate for the office of Town Councilman in the November 5, 1991 general election.

Petitioner has challenged the validity of the Conservative Party nomination of respondent Richard R. Bird (hereinafter respondent) for the office of Town Councilman of the Town of Long Lake in Hamilton County, contending, *inter alia,* that the absence of timely notice of the party caucus as required by statute (Election Law § 6-108) was a fatal defect. Supreme Court agreed and declared the certificate of nomination invalid.

Respondent appeals on procedural grounds alone. Initially, he contends that the proceeding was improperly commenced

in County Court and that said court was therefore without jurisdiction to transfer the matter to Supreme Court. However, NY Constitution, article VI, § 19 (b) requires County Court to transfer to Supreme Court any proceeding over which it lacks jurisdiction. Therefore, respondent's argument on this point lacks merit. He next contends that respondent Steven L. Day, the Conservative Party chairperson, was a necessary party to this proceeding and that service upon him was untimely. We find that Day was not a necessary party since the relief sought, i.e., the invalidation of respondent's Conservative Party nomination, can be achieved completely without joining either Day or the Conservative Party, and without said party being inequitably affected by the judgment, because Day's actions had already been completed and there remained nothing for him to do (see, CPLR 1001 [a]; see also, Matter of Michaels v New York State Bd. of Elections, 154 AD2d 873).

The challenge to petitioner's standing is also without merit. Any registered voter may file objections based on a failure to follow statutory requirements of the nominating procedure (Election Law § 6-154 [2]; see, Scoville v Cicoria, 65 NY2d 972) and anyone who has filed objections is entitled to commence an invalidation proceeding under the Election Law (see, Election Law § 16-102 [1]). We further find that respondent's remaining arguments based on alleged procedural deficiencies do not require discussion and are without merit.

Inasmuch as respondent has limited his challenges solely to procedural matters and thereby conceded that proper notice of the caucus was not given (Election Law § 6-108; see, Matter of Feldman v Bulloch, 144 AD2d 102, 103), we find that Supreme Court correctly held the nomination to be invalid.

Weiss, J. P., Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the orders are affirmed, without costs.