■ In the Matter of SAM BORELLI et al., Respondents, v THOMAS MEIER et al., Appellants. [694 NYS2d 155] —In a proceeding pursuant to Election Law article 16, *inter alia,* to set aside the results of a convention of the Democratic City Committee of the City of Yonkers held on September 24, 1998, which invalidated the election of a slate of candidates for membership in the Westchester County Committee from Ward 2 of the City of Yonkers, who were aligned with the petitioners and who were elected at a meeting of the Ward Committee of Ward 2 of the City of Yonkers on September 16, 1998, and declared that a rival slate, aligned with the respondent Pauline Galvin, was elected, the appeal is from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered November 24, 1998, which, *inter alia,* granted the petition to the extent of reinstating the slate aligned with the petitioners and directing that a new convention of the Democratic City Committee of the City of Yonkers be held.

Ordered that the application of the Westchester County Board of Elections to withdraw its appeal is granted, and its appeal is deemed withdrawn, without costs or disbursements; and it is further,

Ordered that on the appeal of the remaining appellants, the judgment is reversed, on the law, without costs or disbursements, and the petition is dismissed.

This proceeding is rooted in a controversy as to which of two opposing slates of candidates for membership in the Westchester County Committee from Ward 2 of the City of Yonkers had been duly elected at a meeting of the Ward Committee of Ward 2 of the City of Yonkers on September 16, 1998.

Therefore, the slate of candidates declared at the September 24, 1998, convention to be elected from Ward 2 were necessary parties in the instant proceeding to challenge, among other things, the purported election of this slate (*see,* CPLR 1001; *Matter of Greenspan v O'Rourke,* 35 AD2d 671, *affd* 27 NY2d 846; *Matter of Schwimmer v Power,* 21 AD2d 835, 836; *see also, Matter of Marin v Board of Elections,* 111 AD2d 489, 490, *revd on other grounds* 67 NY2d 634). Since this proceeding is governed by the 10-day limitation period of Election Law § 16-102 (2) (*see, e.g., Matter of Stabile v DeFronzo,* 231 AD2d 577), timely joinder of these individuals as respondents in this proceeding is not possible and the petition must be dismissed (*see, Matter of Marin v Board of Elections, supra,* at 636-637; *see generally,* CPLR 1003).

In light of this conclusion, the parties' remaining contentions need not be addressed. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.