In the Matter of NORBERT BUCKLEY, Respondent, v BOARD OF ELECTIONS OF LIVINGSTON COUNTY et al., Respondents, and MARK WALKER, Appellant. [705 NYS2d 742] —Order unanimously reversed on the law without costs and petition

dismissed. Memorandum: Respondent Mark Walker appeals from an order directing respondent George W. Gauer, Sr. to notice and reconvene the Town of Springwater Republican Party Caucus for the purpose of determining the party's nominee for the office of Town Supervisor and directing respondent Board of Elections of Livingston County to strike Walker's name from the certificate of nominations. Supreme Court erred in determining that all necessary parties were named in the proceeding. Gauer's authority as acting chairperson of the caucus ceased on August 13, 1999 when that caucus was closed. The chairperson of the Town Republican party is the "proper party authorit[y]" to reconvene the caucus and therefore should have been joined as a necessary party (Election Law § 6-108 [3]; *see, Davis v Piggott,* 144 Misc 2d 420, 423, *affd* 153 AD2d 718). The failure to join all necessary parties "within the time required by Election Law § 16-102 (2) was a defect that could not be cured by amendment pursuant to CPLR 1003 after the expiration of the limitation period" (*Matter of Marin v Board of Elections,* 67 NY2d 634, 636-637). (Appeal from Order of Supreme Court, Livingston County, VanStrydonck, J.—Election Law.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ. (Filed Sept. 15, 1999.)