(March 23, 2000)

■ In the Matter of CYNTHIA JENKINS, Appellant-Respondent, et al., Petitioner, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents, and CAROLYN YOUNGER, Respondent-Appellant. [705 NYS2d 64] —In a proceeding pursuant to Election Law § 16-102, *inter alia,* to validate the nomination of Cynthia Jenkins as the candidate of the Independence Party for the public office of State Senator for the Tenth Senatorial District at a special election to be held on March 28, 2000, and to invalidate the nomination of Carolyn Younger for the same office, Cynthia Jenkins appeals from so much of an amended judgment of the Supreme Court, Queens County (LeVine, J.), dated March 17, 2000, as denied that branch of the petition which was to validate her nomination and directed the Board of Elections of the City of New York not to include her name on the ballot as a candidate of the Independence Party for the office of State Senator for the Tenth Senatorial District, and Carolyn Younger cross-appeals from so much of the same amended judgment as granted that branch of the petition which was to invalidate her nomination as the candidate of the Independence Party for the same office and directed the Board of Elections of the City of New York not to include her name on the ballot as a candidate of the Independence Party for the office of State Senator for the Tenth Senatorial District.

Ordered that the notice of appeal by Cynthia Jenkins from a judgment dated March 17, 2000, is deemed a premature notice of appeal from the amended judgment; and it is further,

Ordered that the amended judgment is reversed insofar as

appealed and cross-appealed from, without costs or disbursements, so much of the second decretal paragraph as invalidated the nomination of Carolyn Younger is deleted, the third decretal paragraph is deleted, so much of the fourth decretal paragraph as directed the Board of Elections of the City of New York to not include the names of Cynthia Jenkins and Carolyn Younger on the ballot is deleted, and a provision dismissing those branches of the petition which were to validate the nomination of Cynthia Jenkins and invalidate the nomination of Carolyn Younger is substituted therefor.

Although the petition seeks to challenge the actions of the Queens Interim County Organization of the Independence Party and the Executive Committee of the State Committee of the Independence Party, these necessary parties were not joined in this proceeding (*see,* CPLR 1001 [a]; *Matter of Schaffer v Withers,* 186 AD2d 836; *Matter of Oberle v Caracappa,* 133 AD2d 241). Since this proceeding is governed by the 10-day limitation period of Election Law § 16-102 (2) (*see, e.g., Matter of Borelli v Meier,* 264 AD2d 479), timely joinder of these entities as respondents in this proceeding is not possible and those branches of the petition which seek to validate the nomination of Cynthia Jenkins and invalidate the nomination of Carolyn Younger must, therefore, be dismissed (*see, Matter of Marin v Board of Elections,* 111 AD2d 489, 490, *revd on other grounds* 67 NY2d 634, 636-637; *see generally,* CPLR 1003).

In light of our determination, the parties' remaining contentions need not be addressed. We have not addressed any portion of the amended judgment relating to the candidacy of Malcolm A. Smith as he has not appealed from the amended judgment. Mangano, P. J., Bracken, Thompson and Sullivan, JJ., concur.