OPINION OF THE COURT
Thomas P. Phelan, J.
By administrative order of Deputy Chief Administrative Judge Joseph J. Traficanti, Jr., dated September 5, 2002, this Suffolk County Election Law special proceeding was reassigned from the Supreme Court, Suffolk County, to the undersigned.
The court, having read the papers on motion as set forth above, and having heard the attorneys for the respective parties in open court, upon the hearing of this application on September 5, 2002 brought by order to show cause dated August 28, 2002 (Loughlin, J.) determines this application as set forth below.
This special proceeding addresses the designation of Martin I. Efman as a candidate for the position of District Court Judge, Third District, County of Suffolk, by the Committee to Fill Vacancies of both the Democratic Party and Working Families Party.
Petitioners are candidates for the position of District Court Judge, Third District, County of Suffolk.
Previously petitioners were successful in challenging the designating petitions filed by respondent Efman as a candidate of the Democratic Party and Working Families Party for District Court Judge. Respondent Efman had also filed designating petitions for member of the Democratic County Committee, a position he would be precluded from holding simultaneously were he elected to both offices. That challenge was heard by this court and decided by short form order dated August 19, 2002 and subsequently affirmed on appeal (Matter of Hensley v Efman, 297 AD2d 354).
*784 Parenthetically, a short form order dated August 19, 2002 invalidated the designating petitions without prejudice to the rights of the respective litigants, the underlying political parties, or the respective Committees to Fill Vacancies to pursue whatever other courses are legally available to them.
The petitions of the Democratic Party and Working Families Party invalidated by this court named a Committee to Fill Vacancies.
It is undisputed that the petitions designating respondent Efman as the judicial candidate for the Democratic Party identified four persons as the members of the Committee to Fill Vacancies, including the three persons identified and served in their capacity as committee members in this proceeding.
A fourth, Anita Katz, is unnamed and unserved in this proceeding. It is further undisputed that Ms. Katz is not a signator to the certificate filed by the other three members of the Democratic Committee to Fill Vacancies designating respondent Efman as the candidate substituted following this court’s order invalidating his petitions pursuant to the authority of Matter of Lawrence v Spelman (264 AD2d 455, lv denied 93 NY2d 813).
The members of the Committee to Fill Vacancies identified on a candidate’s designating petition are not necessary parties where a challenge is made to the validity of the designating petition (see, Matter of Berman v Board of Elections, 122 AD2d 911, revd 68 NY2d 761). However, where, as here, the proceeding is brought challenging the action of the committee itself its members are clearly necessary (CPLR 1001 [a]; see, Matter of Buckley v Board of Elections, 265 AD2d 866).
Ms. Katz’s signature on the Certificate Filling Vacancy After Disqualification filed by the subject committee was not required since a majority had in fact signed the certificate as required by Election Law § 6-148. Thus, petitioners’ reliance on the actual signed certificate filling the subject vacancy to identify the necessary parties to be named and served in the within proceeding was misplaced (see, Matter of Lawler v Power, 13 Misc 2d 344).
Having failed to name and serve Ms. Katz as a necessary party, and there being no opportunity to cure (id.), the court dismisses so much of petitioners’ claims which challenge the propriety of the action taken by the Committee to Fill Vacancies for the Democratic Party filed on behalf of the candidacy of Martin I. Efman.
*785 There remains petitioners’ challenge against the action taken by the Committee to Fill Vacancies for the Working Families Party filed on respondent Efman’s behalf. Ms. Katz was not a member of that committee, thus her lack of opportunity to be heard on this challenge is without consequence; it will not deter consideration by the court.
Accordingly, the court next addresses those issues raised as pertain to the Working Families Party Certificate Filling Vacancy After Disqualification.
The designating petitions of the Working Families Party invalidated by the August 19, 2002 order of this court named Charles J. Pohanka III, Donna Lent and Edward J. Sheilds as the Committee to Fill Vacancies.
” It is undisputed that on June 30, 2002, prior to the filing deadline for the designating petitions, one of the three members of that committee identified in respondent Efman’s designating petition as a candidate for the Working Families Party died.
Respondents’ contention that by virtue of CPLR 1015 the death of Edward J. Sheilds effectively stays any proceeding in which he is a necessary party until a representative is appointed is rejected.
Having predeceased the filing deadline for the original designating petitions, his lack of involvement in filling any vacancy is beyond cavil. Moreover, the court cannot substitute someone in place of Mr. Sheilds as contemplated by CPLR 1015 as he was an elected member of a committee for which no mechanism existed to fill that vacancy.
Further, having died prior to the deadline for creation of the committee upon which he was to serve, the committee itself was never properly constituted. Pursuant to Election Law § 6-134 (8), the designating petition must list at least three eligible voters as its Committee to Fill Vacancies for actions taken by the committee to be valid (see, Matter of Markel v Smolinski, 89 AD2d 1052, affd 57 NY2d 743).
Accordingly, the name of Martin I. Efman should be stricken from the primary ballot of the Working Families Party for public office of District Court Judge, Third District, County of Suffolk.