■ In the Matter of BRADLEY A. ROWLES, as Aggrieved Candidate, Respondent, v ANTHONY L. ORSINI, JR., Individu-

ally and in his Capacity as Chairman of the Constituted County Committee of the Independence Party of County of Erie, et al., Respondents, and JOHN A. BARGNESI, as Candidate, Appellant. (Proceeding No. 1.) In the Matter of ANTHONY FUMERELLE, Appellant, v BRADLEY A. ROWLES, as Candidate, et al., Respondents. (Proceeding No. 2.) [765 NYS2d 729] —Appeal from an order of Supreme Court, Erie County (Burns, J.), entered October 8, 2003, which granted the petition in proceeding No. 1 and dismissed the petition in proceeding No. 2.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: John A. Bargnesi, a respondent in proceeding No. 1, and Anthony Fumerelle, the petitioner in proceeding No. 2, appeal from an order that, inter alia, granted the petition of Bradley A. Rowles, the petitioner in proceeding No. 1 and a respondent in proceeding No. 2. By that petition, Rowles sought to declare invalid the certificate of nomination issued by the Executive Committee of the Constituted County Committee of the Independence Party of the County of Erie (County Committee), a respondent in both proceedings, nominating Bargnesi as the Independence Party candidate for the position of Town of Tonawanda Highway Superintendent (Highway Superintendent). Supreme Court further dismissed the petition of Fumerelle seeking to invalidate the certificate of nomination issued by the Town of Tonawanda Independence Committee (Town Committee) nominating Rowles as the Independence Party candidate for the position of Highway Superintendent and ordered the Erie County Board of Elections to place Rowles on the ballot in the November 4, 2003 general election as the Independence Party candidate for that position.

Following the death of the former Highway Superintendent in August 2003, a vacancy arose for that position. On September 12, 2003, the County Committee issued a certificate of nomination in favor of Bargnesi, a nonparty candidate and, on September 16, 2003, the Town Committee issued a certificate of nomination in favor of Rowles, also a nonparty candidate. We agree with the court that the certificate of nomination issued by the Town Committee controls and that Rowles therefore is the proper Independence Party candidate.

We note at the outset that, contrary to the contention of respondents in proceeding No. 1, Rowles has standing to bring the proceeding inasmuch as he is an aggrieved candidate alleging entitlement to a party nomination (*see Matter of DiStefano v Kiggins,* 254 AD2d 688 [1998]; *cf. Matter of Stempel v Albany County Bd. of Elections,* 60 NY2d 801 [1983]; *Matter of Wydler*

*v Cristenfeld*, 35 NY2d 719 [1974]). Also contrary to the contention of respondents in proceeding No. 1, the officers of the Town Committee are not necessary parties to that proceeding, despite the fact that they signed the certificate of nomination (*see Matter of Seaman v Bird*, 176 AD2d 1061 [1991]; *Matter of Hensley v Efman*, 192 Misc 2d 782, 784 [2002]; *see generally* CPLR 1001 [a]). Similarly, Fumerelle is not a necessary party to proceeding No. 1 (*see* 1001 [a]). We agree with the court, however, that the petition in proceeding No. 2 is jurisdictionally defective for failure to join the Town Committee, a necessary party therein, and thus the court properly dismissed that petition (*see Stempel*, 60 NY2d 801 [1983]; *Wydler*, 35 NY2d 719 [1974]).

With respect to the merits of the petition in proceeding No. 1, Election Law § 6-116 provides in relevant part that "[a] party nomination of a candidate for election to fill a vacancy in an elective office required to be filled at the next general election * * * shall be made * * * by a majority vote of a quorum of the state committee if the vacancy occurs in an office to be filled by all voters of the state, and otherwise by a majority vote of a quorum of the members of a county committee or committees last elected in the political subdivision in which such vacancy is to be filled, or by a majority of such other committee as the rules of the party may provide." Here, the rules of the party do not provide for "such other committee" and, affording the statutory language a reasonable interpretation, as we must (*see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 143), we conclude that the Town Committee, as the committee "last elected in the political subdivision in which such vacancy is to be filled" (Election Law § 6-116), has the sole authority to issue the certificate of nomination at issue herein. We agree with the court that "[t]o read the language as vesting the power in the particular County Committee to fill any other vacancy [other than a state-level vacancy] would essentially negate the need for a local duly elected committee." Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.