(October 21, 2005)

■ In the Matter of MICHAEL P. O'BRIEN, Appellant, v SENECA COUNTY BOARD OF ELECTIONS et al., Respondents, et al., Respondent. [803 NYS2d 830]—

Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered October 7, 2005 in an Election Law proceeding. The order dismissed the petition for failure to join a necessary party.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the petition is granted and the certificate of nominations nominating respondent Duane E. Chrysler is invalidated.

Memorandum: Petitioner commenced this proceeding seeking, inter alia, a determination that the certificate of nominations filed in the Seneca County Board of Elections regarding respondent Duane E. Chrysler is null and void. We agree with petitioner that Supreme Court erred in dismissing the petition for failure to join the Town of Waterloo Democratic Committee Chairperson as a necessary party. The petition sought to remove Chrysler from the ballot, and thus the relief sought could be granted without joining or inequitably affecting the Democratic Party or Chairperson of the Democratic Party (*see Matter of Seaman v Bird*, 176 AD2d 1061, 1062 [1991]; *Matter of Michaels v New York State Bd. of Elections*, 154 AD2d 873, 874 [1989]). The petition did not seek to reconvene the caucus. Thus, it is of no moment that the Chairperson of the Democratic Party would

have been the proper person to reconvene the caucus, and it therefore cannot be said that the Chairperson was a necessary party to this proceeding (*cf. Matter of Buckley v Board of Elections of Livingston County*, 265 AD2d 866, 867 [1999]; *see generally Matter of Elgin v Smith*, 10 AD3d 483, 484 [2004]).

With respect to the merits of the petition, the elected office at issue herein is a county office (*see* Local Law No. 1 [1972] of Seneca County § 2), and candidates for such an office must be selected by designating petition and primary election (*see* Election Law §§ 6-110, 6-118; *cf.* § 6-108). The selection of Chrysler by caucus was therefore improper. Thus, we reverse the order, grant the petition and invalidate the certificate of nominations nominating Chrysler.

All concur except Green, J.P., and Gorski, J., who dissent and vote to affirm in the following memorandum.

Green, J.P., and Gorski, J. (dissenting). We dissent. In our view, Supreme Court properly dismissed the petition seeking, inter alia, an order determining that the certificate of nominations purporting to nominate respondent Duane E. Chrysler as a Democratic candidate for the office of "Supervisor at Large" in the Town of Waterloo is null and void. The court properly determined that the petition is null and void for failure to join a necessary party (*see* CPLR 1001 [a]; *Matter of Jenkins v Board of Elections of City of N.Y.*, 270 AD2d 436, 437 [2000]). By seeking in this proceeding to void the certificate of nominations, petitioner necessarily challenged the propriety of the nominating caucus by the Town of Waterloo Democratic Committee (Committee). Thus, the Chairperson of the Committee was a necessary party to the proceeding inasmuch as the Committee might have been "inequitably affected" by the decision (CPLR 1001 [a]). Because "this proceeding is governed by the 10-day limitation period of Election Law § 16-102 (2) . . ., timely joinder of [the Chairperson] as [a] respondent[ ] in this proceeding is not possible" (*Jenkins*, 270 AD2d at 437). Present— Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.