█ In the Matter of ATKINS BROTHERS, LLC, et al., Respondents, v SHEILA A. CONROY et al., Appellants. [818 NYS2d 562]—

In a proceeding pursuant to CPLR article 78 and Village Law article 2 to review a determination of the Supervisor of the Town of Woodbury, dated August 20, 2004, which determined a petition to incorporate certain territory as the "Village of Woodbury" to be legally sufficient, Sheila A. Conroy, the Supervisor of the Town of Woodbury, and Desiree Herb, the Town Clerk of the Town of Woodbury, appeal, by permission, from an order of the Supreme Court, Orange County (Rosenwasser, J.), dated January 3, 2005, which denied their motion to dismiss the petition for failure to join a necessary party, and granted the petitioners' cross motion for leave to add Michael F. Queenan as a party respondent and to amend the caption accordingly.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the petition is denied, and the proceeding is dismissed.

A group of residents filed a petition under Village Law article 2 to incorporate a described territory as a village. Pursuant to Village Law § 2-202 (1) (b) (5), they designated Michael F. Queenan as the person to receive service of all papers required to be served in connection with the incorporation proceeding. The petitioners subsequently filed objections to the incorporation petition, but they did not serve Queenan with them. Following a hearing, by determination dated August 20, 2004, the appellant Sheila A. Conroy, the Supervisor of the Town of Woodbury, determined that the incorporation petition was legally sufficient.

The petitioners then commenced this proceeding to review that determination. They failed to name Queenan in, and to serve him with, the instant petition. The Supreme Court denied the appellants' motion to dismiss the petition for failure to join and serve a necessary party, and granted the petitioners' cross motion for leave to amend the petition to add Queenan as a party respondent. We reverse.

Pursuant to Village Law § 2-210 (4) (c), the petitioners were required to serve the party designated in the incorporation petition—Queenan—with copies of the papers submitted in connection with the instant proceeding. Village Law § 2-210 (4) (d) provides that all persons so served shall be parties to the proceeding.

The Supreme Court erred in denying the motion to dismiss the proceeding for failure to timely join and serve Queenan, as a necessary party (see CPLR 1001 [a]; 1003, 3211 [a] [10]; *Matter of Lodge v D'Aliso,* 2 AD3d 525 [2003]; *Matter of Fagelson v Mc-Gowan,* 301 AD2d 652 [2003]; *Matter of Borelli v Meier,* 264 AD2d 479 [1999]).

Furthermore, a proceeding to challenge a supervisor's determination upholding the legal sufficiency of an incorporation petition must be instituted within 30 days after the filing of the original determination (see Village Law §§ 2-208, 2-210 [2]). In this case, the petitioners' cross motion for leave to add Queenan as a party respondent and to amend their petition was made after the expiration of that period. Thus, the Supreme Court should have denied the cross motion, as it was by then too late to join Queenan as a party respondent (see *Matter of Lodge v D'Aliso, supra; Matter of Borelli v Meier, supra; Matter of Fagelson, supra; cf. Perez v Paramount Communications,* 92 NY2d 749, 754 [1999]).

The petitioners' remaining contentions are without merit. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.