| **Matter of Kuhn v Chan** |
| 2025 NY Slip Op 31504(U) |
| April 29, 2025 |
| Supreme Court, Suffolk County |
| Docket Number: Index No. 610287/2025 |
| Judge: James Hudson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Short Form Order

INDEX NO.: 610287/2025

# Supreme Court of the State of New York
## County of Suffolk
## Commercial Division Part XLVI

PRESENT: ____ **HON. JAMES HUDSON**
*Acting Justice of the Supreme Court*

------------------------------------------------------------X

In the Matter of the Application of

DAWN MARIE D. KUHN, Candidate
Aggrieved,

Petitioner,

-against-

DAVID CHAN, a Purported Candidate for the
Public Office of Councilmember, 2nd Town
District, Town of Islip,

and

BETTY MANZELLA, Commissioners
Constituting the Suffolk County Board of
Elections, JOHN ALBERTS, Commissioners
Constituting the Suffolk County Board of
Elections,

Respondents.

------------------------------------------------------------X

MOTION DATE:     4/17/25
SUBMIT DATE:     4/22/25
Mot. Seq. # 001 - MG

Upon the following papers on this e-filed motion __to invalidate petition__ ; Notice of Motion/ Order to Show Cause and supporting papers _filed by petitioner dated 4/17/25_ ; Notice of Cross Motion and supporting papers _____; Answering Affidavits and supporting papers _by respondents Manzella and Alberts dated 4/21/25 and Respondent Chan dated 4/21/25_ ; Replying Affidavits and supporting papers _by_ _dated_ ; Other Return by Respondents Suffolk County Board of Elections, Manzezlla and Alberts filed 4/21/25 Memorandum of law _in opposition by respondent Chan dated 4/23/25; and affirmation in response by Petitioner dated 4/28/25_ ; (and after hearing counsel in support and opposed to the motion) it is,

The matter at hand is an action pursuant to Election Law §§ 16-100, 16-102 and 16-116

which seeks a declaration that the Democratic Party Certificate of Authorization and Designating

[* 1]

**Kuhn v Chan**

610287/2025

Petitions which designate David Chan as a Candidate of the Democratic Party for the Office of Councilmember, 2nd Town District, Town of Islip are null and void. The Petitioner also requests an order prohibiting the Respondent Suffolk Board of Elections from placing Mr. Chan's name on the Democratic Party's 2025 Primary ballot or from being designated as the Party's candidate in the general election.

Petitioner is the candidate of the Republican and Conservative parties for the Office of Councilmember, 2nd Town District, Town of Islip, in the upcoming primary and general elections. It is averred, inter alia, that the Respondent Mr. Chan is a registered Republican. Accordingly, his candidacy for the Democratic nomination could only be achieved by following the strictures of Election Law § 6-120.

This statute provides in relevant part that

> (1) A petition . . . for the purpose of designating any person as a candidate for party nomination at a primary election shall be valid only if the person so designated is an enrolled member of the party referred to in said designating petition . . . (2) Except . . . (3) The members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, unless the rules of the party provide for another committee, in which case the members of such other committee, . . . may, by a majority vote of those present at such meeting provided a quorum is present, authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party . . .

Mr. Chan obtained a Certificate of Authorization (also commonly referred to as a "Wilson Pakula") which was filed with the Respondent BOE on or about April 10th, 2025. This document is dated April 9th, 2025 and refers to an earlier meeting which occurred on January 14th, 2025 at which time a duly designated subcommittee conferred statutory authorization for him to proceed in the Democratic Party's June Primary.

[* 2]

Kuhn v Chan 610287/2025

The gravamen of the Petitioner's claim is centered on the timing of the Certificate of Authorization. The Petitioner notes that "In February of 2025 the Democratic Party nominated Francis T. Genco, a registered voter of the Democratic Party, as its candidate for Councilmember, 2nd Town District, Town of Islip. From February 25, 2025 to April 3, 2025 the Democratic Party circulated a Designating Petition for Francis T. Genco and thereafter 5 volumes were submitted to the Suffolk County Board of Elections on behalf of Mr. Genco's candidacy containing Identification Numbers SU25-41, SU25-46, SU25- 48, SU25-50 and SU25-55." (Verified Petition para 14, NYSCEF Doc No. 1).

The intervening nomination of Mr. Genco, Petitioner argues, renders the earlier designation "an impossibility" (Verified Petition para 13).

The Respondent Mr. Chan has filed a verified answer containing three objections in point of law. The first objection and the basis of a motion to dismiss, is that the Petitioner has failed to join a necessary party, namely: the Suffolk County Democratic Party's Executive Committee.

Initially, the Court must commend the attorneys who appeared before the Court for their advocacy and sage argument. The parties are all well-served by such counsel.

Prior to examining the merits of the Petition, the Court must consider whether the absence of the Democratic Party from the petition is an impediment to going forward.

In support of his motion to dismiss, Respondent's Counsel, Mr. Silverman, argues that "...the Petitioner is challenging the action and authority of the Suffolk County Democratic Committee in issuing a Certificate of Authorization and thus, the failure to join such Committee as a necessary party is fatal to the petition requiring dismissal". In support of this contention, Respondent relies on the holdings in *Curcio v. Wolf*, 133 AD2d188 (2d Dept 1987); *Jacobellis v.*

3

**Kuhn v Chan**                                                                 610287/2025

*Fonseca* 43 AD3d484 (2d Dept 2007; *Flores v. Kapsis* 10 AD3d432 (2d Dept 2004) as well as the language found in CPLR§1001(a).

In his eloquent reply, Mr. Losquadro urges the Court to apply the holding in *Hensley v. Efman*, 192 Misc 2d 782, 747 NYS2d 339 (Sup Ct Nassau Cty 2002). In that case, Justice Phelan, of happy memory, wrote "[t]he members of the Committee to Fill Vacancies identified on a candidate's designating petition are not necessary parties where a challenge is made to the validity of the designating petition. However, where the proceeding is brought challenging the action of the committee itself its members are clearly necessary." (id. At 783)

*Hensley* is applicable herein, petitioner asserts, because she " . . . merely and solely challenges the face of the Certificate of Authorization purporting to nominate/designate David Chan as a candidate of the Democratic Party for the Public Office of Councilmember, 2nd Town District, Town of Islip, as the document is inaccurate or impossible" (Reply brief para 8 NYSCEF Doc No. 23).

For the reasons set forth below, the Court is not persuaded by this argument. Indeed, the rule in *Hensley* was abrogated by the Court in *Morgan v. de Blasio*, 29 NY3d 559, 560, 82 NE3d 447, 448 (2017). In *Morgan*, the Court was presented with a fact pattern analogous to the case at bar. A challenge was made to the Working Families Party's designation of Bill de Blasio as a candidate in its primary election for Mayor of the City of New York. As in the present instance, the Executive Committee of the Political Party was not made a respondent. In upholding the dismissal of the Petition, the Court of Appeals stated

> Necessary parties are those "who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (CPLR 1001[a]). Appellants rely on *Matter of O'Brien v. Seneca County Bd. of Elections*, 22 AD3d 1036, 1036, 803 NYS2d 830 (4th Dept2005) and *Matter of Seaman v. Bird*, 176 AD2d 1061,

4

[* 4]

Kuhn v Chan                                                      610287/2025

1062, 575 NYS2d 207 (3d Dept 1991) to argue that, because complete relief could be obtained from the Board of Elections, the Executive Board of the Working Families Party is not a necessary party. Their reliance is misplaced. Here, where petitioners assert that the Executive Board's certificate of authorization was invalid under Election Law § 6–120, the Executive Board of the Working Families Party was a necessary party because a judgment on this issue could inequitably affect its interests. To the extent that there are other decisions to the contrary, they should not be followed. (*id.* At 560)

An exception to the holding in Morgan was noted by the Court in **LaLota v. New York State Bd. of Elections**, 183 AD3d 785,124 NYS3d 395, (2d Dept 2020) when the challenged action was whether or not a person was eligible " . . . to become a candidate for public office . . ." (*id.* at 787)

**Cox v. Spoth,** 62 Misc 3d 1220 (A), 113 NYS3d 471 (Sup Ct, Erie Cty), *order aff'd, appeal dismissed,* 165 AD3d 1648, 85 NYS3d 671 (2018) is illustrative of the **Morgan** Rule's expanse. In **Cox**, the Court held that it was not necessary to include a Political Party's Executive Committee as a respondent because " . . . it was futile to name the existing Executive Committee as a party because it was *functus officio*, without power to act upon substantial matters such as nominations." (*id.* at 1220(A)).

Petitioner's protestations to the contrary, this Court finds that the relief sought requires the Court to examine the "authority and actions of the Executive Committee" of the Suffolk County Democratic Party in issuing Mr. Chan a Certificate of Authorization (**Stein v. Kings Cnty. Democratic Cnty. Comm.**, 206 AD3d 845, 846, 168 NYS3d 345, 346 [2d Dept 2022]). Accordingly, the failure to include the aforementioned Executive Committee (or duly constituted sub-committee) obliges the Court to deny the Petition and grant the motion for dismissal (CPLR §3211(a)(10)). The Court does not address the remaining contentions of the parties.

5

**Kuhn v Chan**

610287/2025

Therefore, it is

**ORDERED** that the first objection in point of law to the Petition is sustained and the motion to dismiss the Petition is granted. It is further

Ordered that the Petition is dismissed.

Dated: April 29th, 2025
Riverhead, NY

_____
**HON. JAMES HUDSON**
*Acting Justice of the Supreme Court*

6